IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE SHANAHAN, individually, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>JUICIFY, INC., an Illinois corporation;<br><br>Defendant. | 8:21CV243<br><br>MEMORANDUM AND ORDER |

Defendant Juicify, Inc., ("Juicify"), has moved to transfer this putative, nationwide class action to the United States District Court for the Northern District of Illinois for the convenience of the parties and witnesses and in the interests of justice. (Filing No. 17). Plaintiff Shanahan ("Shanahan") has not responded to the motion and the deadline for doing so has passed. The motion is deemed unopposed.

If Plaintiff's lawsuit could have been brought, in the first instance, in the United States District Court for the Northern District of Illinois, this court has discretion to transfer it to that forum for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). Based on the evidence of record, Juicify's only business locations are in Chicago, Illinois, (Filing No. 17-1), and therefore this case could have been filed in the Northern District of Illinois. 28 U.S.C.A. § 1391 "(A civil action may be brought in . . . a judicial district in which any defendant resides . . . .").

Although Juicify's motion to transfer is unopposed, the court must nonetheless consider the facts of record and determine whether the requested transfer will advance the convenience and fairness of these proceedings. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The court considers "the convenience of the parties, the convenience of the witnesses, the interests of

justice, and any other relevant factors when comparing alternative venues." Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 696 (8th Cir. 1997)(citing 28 U.S.C. § 1404(a)). Factors include the willingness of witnesses to appear, the ability to subpoena witnesses, the adequacy of deposition testimony, the accessibility to records and documents, the location where the conduct complained of occurred, and the applicability of each forum state's substantive law. Id. (citing Terra Intern., Inc. v. Mississippi Chemical Corp., 922 F. Supp. 1334, 1359 (N.D. Iowa 1996)). The court should also consider such factors as judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law. Id. (citing Terra Intern., 922 F. Supp. at 1361, 1363).

Plaintiff, a Nebraska citizen, seeks recovery under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 on behalf of himself and everyone in the United States whose phone number is registered on the "Do Not Call" list but has nonetheless received a text message promoting the Defendant's products and/or services. (Filing No. 1, at CM/ECF pp. 3, 5). While Plaintiff's choice of forum is a significant factor to consider, (Terra Int'l, Inc., 119 F.3d at 695), Shanahan has not objected to Juicify's motion to transfer, indicating he does not prefer the Nebraska court over the Northern District of Illinois.

Defendant Juicify, its two business locations, and all of its employees are located in the Chicago, Illinois area. Juicify does no business in Nebraska, and it does not ship to Nebraska. Plaintiff provided his phone number to Juicify when he obtained a product at one of Juicify's Chicago stores. (Filing Nos. 17-2, 17-3). Defense witnesses will no doubt be from Illinois, beyond the subpoena reach of Nebraska. Plaintiff is from Nebraska with several direct one-hour flights available daily from Omaha to Chicago. The putative class members are from across the United States. So, even assuming a class is certified and a class member will

provide testimony or attend the trial, flights to Chicago are available from anywhere in the United States—with far more direct flights into Chicago compared to Omaha. Convenience to the parties and witnesses weighs in favor of transfer.

The complaint raises claims arising solely under federal law. State and local law is not implicated, and neither the Nebraska nor the Illinois forum will be tasked with deciding conflict of law issues. Moreover, since the putative class is from the entire United States, as to the plaintiffs, Nebraska has no greater interest in the outcome than any other state. But as to the defendant, Illinois does have an interest in the outcome of litigation against a business located solely in Chicago.[1] The interests of justice weigh in favor of transfer.

After considering the totality of the evidence before me, the court finds this case should be transferred to the United States District Court for the Northern District of Illinois. Accordingly,

IT IS ORDERED that Defendant's Motion to Transfer, ([Filing No. 17](Filing No. 17)), is granted and this case shall be transferred to the United States District Court for the Northern District of Illinois.

Dated this 15th day of September, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] While docket congestion can be considered when deciding a § 1404(a) motion, it is not a dispositive factor. In re Apple, Inc., 602 F.3d 909, 915 (8th Cir. 2010). Here, the case statistics indicate the caseload per district judge in the Northern District of Illinois is lower than in Nebraska, but the time to disposition is shorter in Nebraska. Several factors influence those numbers—particularly during a pandemic--and the numbers themselves cannot tell the whole story. Id. Relative docket congestion therefore deserves little, if any, weight in this case.